Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Amos Gregory Rogers** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Alma Denise Rogers** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **WESTERN DISTRICT OF VIRGINIA**

Case number:

(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee as follows:**

**$795.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐    Debtor(s) will make payments pursuant to a payroll deduction order.
☐    Debtor(s) will make payments directly to the trustee.
☑    Other (specify method of payment):
**TFS**

**2.3 Income tax refunds.**
*Check one.*
☑    Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Amos Gregory Rogers** | Case number | |
| | **Alma Denise Rogers** | | |

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**47,700.00**.

**Part 3:** **Treatment of Secured Claims**

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Fay Servicing | **16226 Rogers Lane Gordonsville, VA** | $672.40<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition:<br>$2,950.00 | 0.00% | Prorata | $2,950.00 |
| Matco Tools | **Surrendered tools- Any Claim will be disputed** | $260.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition:<br>$0.00 | 0.00% | Prorata | $0.00 |

*Insert additional claims as needed.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5

| Debtor | **Amos Gregory Rogers** | Case number |
| --- | --- | --- |
|  | **Alma Denise Rogers** |  |

of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Aaron's Rent to Own | $1,423.00 | Lawnmower and a Video Game | $550.00 | $0.00 | $550.00 | 0.00% | $14.86 | $550.00 |
| Mariner Finance | $5,500.00 | Lawnmower and a Video Game | $3,000.00 | $0.00 | $3,000.00 | 4.25% | $10.00 per month for 12 months; then $87.50 per month for 36 months | $3,270.00 |

*Insert additional claims as needed.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
| --- | --- | --- | --- | --- | --- |
| Fast Auto Loans Title Loans | 1997 Jeep Grand Cherokee | $1,300.00 | 5.25% | $10.00 per month for 12 months; then $39.00 per month for 36 months<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $1,524.00 |

Debtor **Amos Gregory Rogers**  Case number
**Alma Denise Rogers**

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Fast Auto Loans Title Loans | 2001 Chevrolet Silverado | $1,300.00 | 5.25% | $10.00 per month for 12 months; then $39.00 per month for 36 months<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $1,524.00 |
| Onemain | 2017 Nissan Sentra | $13,959.21 | 5.25% | $10.00 per month for 12 months; then $382.50 per month for 40 months<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $15,420.00 |

*Insert additional claims as needed.*

**3.4  Lien avoidance.**

*Check one.*
☑  **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.**

*Check one.*
☑  **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**4,770.00**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,250.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐  **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑  The debtor(s) estimate the total amount of other priority claims to be **$9,420.21**

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑  **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

| Debtor | **Amos Gregory Rogers** | Case number | |
| | **Alma Denise Rogers** | | |

**5.1**   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- [✓] The sum of $ **3,893.36**   .
- [✓] **27.00** % of the total amount of these claims, an estimated payment of $ **3,893.36**   .
- [ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00**   . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**   **Other separately classified nonpriority unsecured claims.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1**   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

- [✓] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1**   **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- [✓] plan confirmation.
- [ ] entry of discharge.
- [ ] other: _____

### Part 8: Nonstandard Plan Provisions

**8.1**   **Check "None" or List Nonstandard Plan Provisions**
- [ ] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**NOTE REGARDING PART 4.3 (DEBTORS' ATTORNEY'S FEES):**
The $ **4,250.00**   in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:
  (i) $ **4,250.00**   : Fees to be approved, or already approved, by the Court at initial plan confirmation;
  (ii) $ _____ : Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan;
  (iii) $ _____ : Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed.

**NOTE REGARDING PARTS 3.2 AND 3.3 [ADEQUATE PROTECTION PAYMENTS]:**
**The debtors propose to make adequate protection payments other than as provided in Local Rule 4001-2.**
**Unless otherwise provided herein, the monthly payment amounts listed in Parts 3.2 and 3.3 of this Chapter 13 Plan will be paid as adequate protection beginning prior to confirmation to the holders of allowed secured claims.**

| Debtor | **Amos Gregory Rogers** | Case number | |
| | **Alma Denise Rogers** | | |

**NOTE REGARDING TREATMENT AND PAYMENT OF CLAIMS**
--All creditors must timely file a proof of claim to receive any payment from the Trustee.
--If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
--If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
--The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**Part 9:     Signature(s):**

**9.1     Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

| X | **/s/ Amos Gregory Rogers** | | X | **/s/ Alma Denise Rogers** |
| | **Amos Gregory Rogers** | | | **Alma Denise Rogers** |
| | Signature of Debtor 1 | | | Signature of Debtor 2 |
| | Executed on **March  23, 2022** | | | Executed on **March  23, 2022** |

| X | **/s/ Suad Bektic** | | Date **March  23, 2022** |
| | **Suad Bektic 90012** | | |
| | Signature of Attorney for Debtor(s) | | |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Amos Gregory Rogers** | Case number | |
| | **Alma Denise Rogers** | | |

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$2,950.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$3,820.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$18,468.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$18,557.69** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$3,893.36** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*    + | **$0.00** |
| | **Total of lines a through j** | **$47,700.00** |

# United States Bankruptcy Court
### Western District of Virginia

In re: **Amos Gregory Rogers / Alma Denise Rogers**, Debtor(s)

Case No. **22-60215**
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Aaron's Rent to Own**
**330 Pantops Center**
**Charlottesville, VA 22911**
*Name of creditor*

**Lawnmower and a Video Game**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   [✓] To value your collateral. *See Part 3.2 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   [ ] To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Part 3.4 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

*ver. 12/17*

| | |
|---|---|
| Date objection due: | **May 5, 2022** |
| Date and time of confirmation hearing: | **May 12, 2022 at 9:30 a.m.** |
| Place of confirmation hearing: | **Video Conference before Judge Connelly.  All parties connect using video conference instructions posted on the courts website**. |

By:    **Amos Gregory Rogers**
**Alma Denise Rogers**
*Name(s) of debtor(s)*

By:    **/s/ Suad Bektic**
**Suad Bektic 90012**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**Suad Bektic 90012**
*Name of attorney for debtor(s)*
**8607 Mayland Dr**
**Henrico, VA 23294**
*Address of attorney [or pro se debtor]*

Tel. #  **540-349-3232**
Fax #  **888-612-0943**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

    ☑ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

    ☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this  **March 23, 2022**  .

    **/s/ Suad Bektic**
    **Suad Bektic 90012**
    *Signature of attorney for debtor(s)*

*ver. 12/17*

# United States Bankruptcy Court
## Western District of Virginia

In re: **Amos Gregory Rogers / Alma Denise Rogers**, Debtor(s)

Case No. **22-60215**
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Mariner Finance**
**8211 Town Center Drive**
**Nottingham, MD 21236**
*Name of creditor*

**2002 Dodge RAM 1500 & 2002 Dodge Caravan**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☑ To value your collateral. *See Part 3.2 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Part 3.4 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

*ver. 12/17*

| | |
|---|---|
| Date objection due: | **May 5, 2022** |
| Date and time of confirmation hearing: | **May 12, 2022 at 9:30 a.m.** |
| Place of confirmation hearing: | **Video Conference before Judge Connelly.  All parties connect using video conference instructions posted on the courts website.** |

**Amos Gregory Rogers**
**Alma Denise Rogers**
*Name(s) of debtor(s)*

By:   **/s/ Suad Bektic**
**Suad Bektic 90012**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**Suad Bektic 90012**
*Name of attorney for debtor(s)*
**8607 Mayland Dr**
**Henrico, VA 23294**
*Address of attorney [or pro se debtor]*

Tel. #   **540-349-3232**
Fax #   **888-612-0943**

# CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☑  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **March 23, 2022**   .

**/s/ Suad Bektic**
**Suad Bektic 90012**
*Signature of attorney for debtor(s)*

*ver. 12/17*

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Amos Gregory Rogers** |
| Debtor 2 (Spouse, if filing) | **Alma Denise Rogers** |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF VIRGINIA |
| Case number (If known) | **22-60215** |

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

# Official Form 106I
## Schedule I: Your Income    12/15

**Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   | | Debtor 1 | Debtor 2 or non-filing spouse |
   |---|---|---|
   | Employment status | ☐ Employed<br>■ Not employed | ☐ Employed<br>■ Not employed |
   | Occupation | **Disabled** | |
   | Employer's name | | |
   | Employer's address | | |
   | How long employed there? | | |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ **0.00** | $ **0.00** |
| 3. | **Estimate and list monthly overtime pay.** | +$ **0.00** | +$ **0.00** |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | $ **0.00** | $ **0.00** |

Official Form 106I    **Schedule I: Your Income**    page 1

Debtor 1  **Amos Gregory Rogers**
Debtor 2  **Alma Denise Rogers**                                    Case number (*if known*)  **22-60215**

|   |   |   | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
|   | Copy line 4 here | 4. | $ 0.00 | $ 0.00 |

5. **List all payroll deductions:**
   | | | | | |
   |---|---|---|---|---|
   | 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
   | 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
   | 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
   | 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
   | 5e. | Insurance | 5e. | $ 0.00 | $ 0.00 |
   | 5f. | Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
   | 5g. | Union dues | 5g. | $ 0.00 | $ 0.00 |
   | 5h. | Other deductions. Specify: | 5h.+ | $ 0.00  + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.  $ 0.00   $ 0.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.  $ 0.00   $ 0.00

8. **List all other income regularly received:**
   - 8a. **Net income from rental property and from operating a business, profession, or farm**
     Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   8a.  $ 0.00   $ 0.00
   - 8b. **Interest and dividends**   8b.  $ 0.00   $ 0.00
   - 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
     Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   8c.  $ 0.00   $ 0.00
   - 8d. **Unemployment compensation**   8d.  $ 0.00   $ 0.00
   - 8e. **Social Security**   8e.  $ 0.00   $ 0.00
   - 8f. **Other government assistance that you regularly receive**
     Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
     Specify: **Social Security Disability**   8f.  $ 1,378.00   $ 0.00

     **Social Security for Children**   $ 0.00   $ 1,282.00
     **Food Stamps**   $ 0.00   $ 835.00
   - 8g. **Pension or retirement income**   8g.  $ 0.00   $ 0.00
   - 8h. **Other monthly income.** Specify: **Contributions from Mother**   8h.+  $ 750.00  + $ 0.00

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.  $ 2,128.00   $ 2,117.00

10. **Calculate monthly income.** Add line 7 + line 9.   10.  $ 2,128.00 + $ 2,117.00 = $ 4,245.00
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
    Specify:   11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
    Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies   12.  $ 4,245.00
    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■ No.
    ☐ Yes. Explain:

Official Form 106I     Schedule I: Your Income     page 2

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Amos Gregory Rogers |
| Debtor 2 (Spouse, if filing) | Alma Denise Rogers |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF VIRGINIA |
| Case number (If known) | 22-60215 |

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

# Official Form 106J
## Schedule J: Your Expenses          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.

   ■ Yes. **Does Debtor 2 live in a separate household?**

   ■ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ☐ No

   Do not list Debtor 1 and Debtor 2.    ■ Yes. Fill out this information for each dependent............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Granddaughter | 4 | ☐ No  ■ Yes |
   | Grandson | 9 | ☐ No  ■ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ■ No
   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

|  |  | Your expenses |
|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ 672.00 |
|  | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 100.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ 0.00 |

| Debtor 1 | **Amos Gregory Rogers** | | |
|---|---|---|---|
| Debtor 2 | **Alma Denise Rogers** | Case number (if known) | **22-60215** |

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $ | **225.00** |
| | 6b.   Water, sewer, garbage collection | 6b. | $ | **0.00** |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | **240.00** |
| | 6d.   Other. Specify: | 6d. | $ | **0.00** |
| 7. | **Food and housekeeping supplies** | 7. | $ | **835.00** |
| 8. | **Childcare and children's education costs** | 8. | $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | **150.00** |
| 10. | **Personal care products and services** | 10. | $ | **125.00** |
| 11. | **Medical and dental expenses** | 11. | $ | **235.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | **475.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | **100.00** |
| 14. | **Charitable contributions and religious donations** | 14. | $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.   Life insurance | 15a. | $ | **0.00** |
| | 15b.   Health insurance | 15b. | $ | **0.00** |
| | 15c.   Vehicle insurance | 15c. | $ | **238.00** |
| | 15d.   Other insurance. Specify: | 15d. | $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: **Personal Property Taxes, Inspections & Tags** | 16. | $ | **33.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $ | **0.00** |
| | 17b.   Car payments for Vehicle 2 | 17b. | $ | **0.00** |
| | 17c.   Other. Specify: | 17c. | $ | **0.00** |
| | 17d.   Other. Specify: | 17d. | $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a.   Mortgages on other property | 20a. | $ | **0.00** |
| | 20b.   Real estate taxes | 20b. | $ | **0.00** |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $ | **0.00** |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $ | **0.00** |
| | 20e.   Homeowner's association or condominium dues | 20e. | $ | **0.00** |
| 21. | **Other:** Specify: **Dog Food & Pet Supplies** | 21. | +$ | **22.00** |
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | **3,450.00** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | | $ | **3,450.00** |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a.   Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | **4,245.00** |
| | 23b.   Copy your monthly expenses from line 22c above. | 23b. | -$ | **3,450.00** |
| | 23c.   Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. | $ | **795.00** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.    Explain here:

Rogers, Amos and Alma - 22-60215

```
IRS
DEPT. OF TREASURY
PHILADELPHIA, PA 19255


COMMONWEALTH OF VIRGINIA
P.O. BOX 2156
RICHMOND, VA 23218-0610


500 FAST CASH
515 G SE
MIAMI, OK 74354-4000


AARON'S RENT TO OWN
330 PANTOPS CENTER
CHARLOTTESVILLE, VA 22911


ADVANCE AMERICA
P.O. BOX 1309
ORANGE, VA 22960


ALLIED CASH ADVANCE
1136-A EMMET STREET
CHARLOTTESVILLE, VA 22903


AMERICAN WEB LOAN
522 NORTH 14TH ST. # 130
PONCA CITY, OK 74601-4654


AR RESOURCES INC.
P.O. BOX 1056
BLUE BELL, PA 19422


AT & T
P.O. BOX 6284
SIOUX FALLS, SD 57117-6284


CARDIOVASCULAR ASSOCIATES C'VILLE
650 PETER JEFFERSON PKWY, STE 100
CHARLOTTESVILLE, VA 22911-8844


CREDENCE RESOURCE MANAGEMENT
P.O. BOX 2300
SOUTHGATE, MI 48195
```

CREDIT ONE BANK
P.O. BOX 60500
CITY OF INDUSTRY, CA 91716


DEPT OF ED/NAVIENT
P.O. BOX 9635
WILKES BARRE, PA 18773


FAST AUTO LOANS TITLE LOANS
1879 SEMINOLE TRAIL
CHARLOTTESVILLE, VA 22901


FAY SERVICING
P.O. BOX 619063
DALLAS, TX 75261-9063


FIRST PREMIER BANK
3820 N LOUISE AVE
SIOUX FALLS, SD 57107


HOME AT FIVE
1112 7TH AVE
MONROE, WI 53566


INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346


LOUISE ROGERS
P.O. BOX 39
BARBOURSVILLE, VA 22923


MARINER FINANCE
8211 TOWN CENTER DRIVE
NOTTINGHAM, MD 21236


MATCO TOOLS
4403 ALLEN RD
STOW, OH 44224


MIDLAND FUNDING
320 EAST BIG BEAVER
TROY, MI 48083

Rogers, Amos and Alma - 22-60215

```
MONTGOMERY WARD
1112 7TH AVE
MONROE, WI 53566


NANCY M. REED
REED & REED, P.C.
P.O. BOX 766
LURAY, VA 22835


NAVIENT SOLUTIONS INC
P.O. BOX 9500
WILKES BARRE, PA 18773


ONEMAIN
P.O. BOX 1010
EVANSVILLE, IN 47706


ORANGE COUNTY TREASURER
P.O. BOX 469
ORANGE, VA 22960


PIEDMONT EMERGENCY CONSULTANTS
P.O. BOX 11647
DAYTONA BEACH, FL 32120


PIONEER BANK
8315 SPOTSWOOD TRAIL
STANARDSVILLE, VA 22973


RAPPAHANNOCK ELECTRIC COOP
P.O. BOX 7388
FREDERICKSBURG, VA 22404-7388


RAPPAHANNOCK ELECTRICAL COOP
P.O. BOX 3849
ALEXANDRIA, VA 22334


SEVENTH AVENUE
1112 7TH AVE
MONROE, WI 53566


TAXING AUTHORITY CONSULTING SVCS
P.O. BOX 31800
HENRICO, VA 23294-1800
```

Rogers, Amos and Alma - 22-60215


TBOM/TOTAL CARD
P.O. BOX 85710
SIOUX FALLS, SD 57118


UVA HEALTH SYSTEM
P.O. BOX 743977
ATLANTA, GA 30374

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **In re:** | **Amos Gregory Rogers**<br>**Alma Denise Rogers** | Chapter 13 |
| | **Debtor(s).** | Case No.  22-60215 |

**CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN**

I certify that a true and correct copy of the chapter 13 plan or the amended chapter 13 plan and amended plan cover sheet, filed electronically with the Court on     **March 23, 2022**    , has been mailed by first class mail postage prepaid to all creditors, equity security holders, and other parties in interest, including the United States Trustee, on    **March 23, 2022**    .

If the plan contains (i) a request under section 522(f) to avoid a lien or other transfer of property exempt under the Code or (ii) a request to determine the amount of a secured claim, the plan must be served on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint.  I certify that a true and correct copy of the chapter 13 plan has been served on the following parties pursuant to Rule 7004:

| **Name** | **Address** | **Method of Service** |
|---|---|---|
| 1. Aaron's Rent to Own | 330 Pantops Center<br>Charlottesville, VA 22911 | First Class Mail |
| 2. Mariner Finance | 8211 Town Center Drive<br>Nottingham, MD 21236 | First Class Mail |

/s/ Suad Bektic
**Suad Bektic 90012**
Counsel for Debtor(s)